would necessarily be limited to these violations of the law.

## Motion to Quash

This motion was filed by the appellee on the ground that the appeal was taken prematurely. It appears that the appeal was filed subsequent to the entry of the court order directing that the injunction issue, but six days before the filing of the necessary security and the actual issuance of the injunction.

In this respect, the appeal was from an interlocutory order from which an appeal does not lie. The injunction could not issue until the entry of the security as directed and it is from the issuance of the injunction that the appeal should be taken: *Surco Products, Inc. v. Kieszek*, 367 Pa. 516, 80 A. 2d 842 (1951); *Zeigenfuse v. Boltz*, 401 Pa. 365, 164 A. 2d 663 (1960).

However, the appeal in this case is also from the order below dismissing preliminary objections to the complaint. If such objections challenge the jurisdiction of the court, an appeal does lie from an order of dismissal under the Act of March 5, 1925, P. L. 23, 12 P.S. §672. See, *Wax v. International Mailers Union*, supra. Therefore, the motion to quash cannot prevail.

Order reversed and record remanded with directions to enter an order sustaining the preliminary objections to the complaint. Each side to pay own costs.

Mr. Chief Justice BELL dissents.

## Conwell, Appellant, *v.* Thomas Wynne, Inc.

Argued May 4, 1962. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN and O'BRIEN, JJ.

*Leo Vernon,* with him *Desmond J. McTighe, J. Grant McCabe, III,* and *J. Wesley Oler,* for appellants.

*Cassin W. Craig,* with him *Arthur H. Moss,* and *Montgomery, McCracken, Walker & Rhoads,* and *Wisler, Pearlstine, Talone & Gerber,* for appellee.

OPINION PER CURIAM, September 25, 1962:
Decree affirmed. Each party to bear own costs.

## Kelly Estate.

Argued April 25, 1962. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN and O'BRIEN, JJ.